IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Ronald W. Ruhl, | ) | Case No. 09 B 45933 |
| | ) | |
| Debtor. | ) | |

## MEMORANDUM OF DECISION

This Chapter 7 bankruptcy case is before the court on the trustee's mo-

tion to compel turnover of the debtor's income tax refund.  The only question

in dispute is whether the debtor's wife, who did not join in the bankruptcy

case, owns half of the tax refund.  If so, her share of the tax refund would not

be payable to the trustee.  As discussed below, however, the debtor owned the

entire tax refund at the time of the bankruptcy filing.  Under the Internal

Revenue Code and Illinois property law, which determine ownership here, (1)

the earnings of a married individual belong exclusively to that individual, (2)

the tax deductions from those earnings create a credit for that individual's

tax liability, and (3) if the amount of the credit is greater than the amount

needed to satisfy the individual's tax liability, the resulting refund belongs

only to that individual.  Because the refund at issue here was entirely the re-

sult of the debtor's withheld wages, it was his property at the time of the

bankruptcy filing, and it became property of his bankruptcy estate subject to

turnover.  Accordingly, the trustee's motion will be granted.

## Jurisdiction

The federal district courts have "original and exclusive jurisdiction" of all cases under the Bankruptcy Code, 28 U.S.C. § 1334(a) (2006), but the district courts may refer these cases to the bankruptcy judges for their districts, 28 U.S.C. § 157(a). The District Court for the Northern District of Illinois has made such a reference of all of its bankruptcy cases. N.D. Ill. Internal Operating Procedure 15(a).

Under 28 U.S.C. § 157(b)(1), a bankruptcy judge to whom a case has been referred may enter final judgment on any core proceedings arising under the Bankruptcy Code (Title 11, U.S.C.). 28 U.S.C. § 157(b)(1). The turnover of property to the trustee of a bankruptcy estate is a matter arising under § 542(a) of the Bankruptcy Code and is included in the list of core proceedings set out in 28 U.S.C. § 157(b). 28 U.S.C. § 157(b)(2)(E). The bankruptcy court is therefore authorized to enter a final judgment on the trustee's motion.

## Factual Background

The parties do not dispute the relevant facts. On December 4, 2009, Ronald W. Ruhl filed this case under Chapter 7 of the Bankruptcy Code. Ruhl is married, but his wife has never been a debtor in the case. For the 2009 calendar year, Ruhl and his wife filed a joint federal income tax return

and received a $7,046 refund. The refund resulted solely from excess with-holding of Ruhl's earnings.

Andrew J. Maxwell was appointed trustee in the case. After reviewing Ruhl's tax situation, the trustee filed a motion to compel Ruhl to turn over the tax refund, taking the position that the entire refund was property of the estate. Ruhl responded that he and his wife had a joint property interest in the refund and that only half of the refund was property of the estate subject to turnover. The parties have briefed the issue of ownership.

## Conclusions of Law

The filing of a Chapter 7 bankruptcy case automatically creates an estate, 11 U.S.C. § 541(a), subject to administration by a trustee, 11 U.S.C. § 704(a). With exceptions not relevant here, the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). These property interests are not limited to items in the debtor's personal possession but include both property of the debtor that is held by creditors, *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205-06 (1983), and property in which the debtor's interest is contingent or is able to be enjoyed only in the future, *In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993) (citing *Segal v. Rochelle*, 382 U.S. 375, 379 (1966)). Section 542(a) of the Bankruptcy Code requires a debtor in possession of property of the estate to turn that property over to the trustee. Consistent with these principles, the parties agree that Ruhl is required to turn over to the trustee

whatever interest he had, as of the filing of his bankruptcy case, in any tax refund that would be payable after the filing.[1]

The extent of Ruhl's interest in the tax refund is not determined by the Bankruptcy Code. Rather, property rights are established by whatever law applies outside of bankruptcy. *See Butner v. United States*, 440 U.S. 48, 55 (1979).

Initially, the right to an income tax refund is addressed by the Internal Revenue Code (Title 26, U.S.C.) (the "IRC"). The IRC provides that personal earnings withheld for the payment of federal income taxes are "allowed to the recipient of the [withheld] income as a credit against the tax imposed." 26 U.S.C. § 31(a)(1). If the credit resulting from withheld earnings is more than enough to pay the tax liability for the tax year corresponding to the calendar year in which the earnings were withheld, 26 U.S.C. § 31(a)(2), "the amount of such excess shall be considered an overpayment," 26 U.S.C. § 6401(b)(1). An overpayment may be credited "against any liability in respect of an internal revenue tax on the part of the person who made the overpayment," but if any such liability is satisfied, the government "shall . . . refund any balance to such person." 26 U.S.C. § 6402(a). Nothing in the IRC provides that the

---

[1] The parties have not addressed whether any part of Ruhl's tax refund was attributable to wages he earned after filing the bankruptcy case on December 4, 2009. Post-petition earnings and the portion of a tax refund resulting from them are not an interest of the debtor in property as of the petition date and so would not be property of the estate. *Cf. In re Meyers*, 616 F.3d 626, 628-29 (7th Cir. 2010) (discussing methods for splitting tax refunds into pre-petition and post-petition amounts).

filing of a joint tax return changes these rules to permit the sharing of a re-
fund.

The result of these provisions of the IRC is that "the recipient of the in-
come" withheld for payment of income taxes—also referred to as "the person
who made the payment"—is entitled to any tax refund resulting from the
withholding. The controlling question, then, is whether the debtor alone—or
the debtor and his wife jointly—were entitled to receive his wages, and this
question depends on local property law. *See Graver v. Ill. Dept. of Pub. Aid*,
381 N.E.2d 1044, 1046 (Ill. App. Ct. 1978) ("The majority rule of law in our
nation is that local law determines ownership of funds received with respect
to income reported on joint federal income tax returns.").

Ruhl is a resident of Illinois, and the parties agree that Illinois law
governs this issue. *See Harter v. Iowa Grain Co.*, 220 F.3d 544, 559 n.13 (7th
Cir. 2000) (applying the parties' choice of law where there is a reasonable re-
lationship between that law and the matter in dispute).[2] The general Illinois
law on the property interests of married persons is set out in the Rights of
Married Persons Act, 750 ILCS 65/1 to 22 (2008), which makes clear that Il-
linois does not treat marriage as establishing community ownership of the
married couple's property. In particular, "[a] married person may receive,

---

[2] Because state law is controlling here, decisions applying the law of
states other than Illinois do not provide useful guidance. However, the result
reached in this opinion is consistent with what is said to be the "majority of
bankruptcy courts" that have ruled on the ownership of tax refunds. *See In re
Hraga*, 467 B.R. 527, 530 (Bankr. N.D. Ga. 2011).

use, and possess his or her own earnings and sue for those earnings in his or her own name, free from the interference of his or her spouse or the creditors of his or her spouse." 750 ILCS 65/7 (2008). Under this provision, Ruhl alone was the recipient and owner of the wages he earned.

Illinois does recognize a form of "marital property" acquired by spouses during a marriage, but this type of ownership only "vests at the time [marriage] dissolution proceedings are commenced and continues only during the pendency of the action." 750 ILCS 5/503(e) (2008).[3] Ruhl and his wife have not asserted they were involved in any dissolution or legal separation proceedings. Similarly, Ruhl has not claimed he transferred to his wife any part of his 2009 earnings. *See Graver*, 381 N.E.2d at 1046 (explaining that the filing of a joint tax return does not create any form of joint ownership because it contains no words of conveyance). Therefore, Ruhl's earnings—and the tax

---

[3] The Illinois Supreme Court has explicitly confirmed the limited scope of the Illinois Marriage and Dissolution of Marriage Act (the "Act"), evaluating the Act by reference to the Uniform Marriage and Divorce Act, which served as a model for the Illinois legislation:

> The Act does not purport to affect property interests during the marriage. The term "marital property" is a nomenclature devised to realize an equitable distribution of property upon termination of the marriage. Operation of the term "marital property" under the Act is not triggered until the time of dissolution. Section 503(b) does not prevent married persons from owning property separately during the marriage and disposing of it in any fashion that the property-owning spouse may choose.

*Kujawinski v. Kujawinski*, 376 N.E.2d 1382, 1386-87 (Ill. 1978); *see also Graver*, 381 N.E.2d at 1046 ("[T]he Act is applicable only when parties are attempting to dissolve their marriage.").

refund resulting from them—were exclusively his property under applicable non-bankruptcy law.

One other bankruptcy court has applied Illinois law in the manner just described. *See In re Lock*, 329 B.R. 856 (Bankr. S.D. Ill. 2005). Two bankruptcy courts, however, have reached a contrary result, holding that if a married couple filed a joint tax return, a presumption arises under Illinois law that "any refund should be treated as equally apportioned marital property." *In re Innis*, 331 B.R. 784, 789 (Bankr. C.D. Ill. 2005); *accord In re Vongchanh*, No. 09 B 70050, 2009 WL 1852452 at *3 (Bankr. N.D. Ill. June 29, 2009). These contrary decisions make three basic arguments to support their conclusion, but the arguments are not persuasive.

First, the decisions point out that the liability for income taxes due under a joint return is shared by both spouses filing the return. *See Innis*, 331 B.R. at 787; *Vongchanh*, 2009 WL 1852452 at *3 ("Because Debtor's non-filing wife would have been liable for any tax deficiency, it follows that she should also be entitled to any tax refund."). But there is no apparent reason why, when one person pays more than is required to satisfy the liability of another person, the excess should not be refunded to the person who made the payment. And that result—refund to the "person who made the overpayment"—is specified by § 6402(a) of the IRC.

Second, the decisions note that the taxes due under a joint return are lower than would be payable if a wage earner filed separately. *See In re Bar-*

7

*row*, 306 B.R. 28, 31 (Bankr. W.D.N.Y. 2004) ("[B]ecause a spouse without income has joined in signing the tax return, the family may pay significantly less tax . . . . It is simply inaccurate to say that the greater refund is attributable only to the income and withholdings of the employed spouse."), *quoted in Innis*, 331 B.R. at 787 and *Vongchanh*, 2009 WL 1852452 at *3. But although it is true that a joint filing may result in lower tax liability, refunds are made under the IRC to the person who made the tax payment, not to the persons who reduced the amount of taxes due. A contrary rule would make tax refunds payable to all of the dependents listed in a tax return.

Finally, the *Innis* decision cites Illinois opinions speaking of marriage as a partnership—for example, *In re Marriage of Selinger*, 814 N.E.2d 152 (Ill. App. Ct. 2004)—and notes that a spouse who does not earn wages may be contributing substantially to the support of the household in noneconomic ways. *Innis*, 331 B.R. at 787-88. The Illinois decisions cited, however, all involve divorce proceedings, and none deal with the question of the ownership of wages or tax refunds. The applicable Illinois statute expressly negates any property interest of one spouse in another spouse's earnings. 750 ILCS 65/7 (2008). The view that marriage is a partnership may certainly influence a state in its determination of property law. Illinois, however, except in the context of marriage dissolution or legal separation proceedings, has not adopted community property or otherwise changed individual ownership due to marriage.

## Conclusion

Because under Illinois law debtor Ronald Ruhl owned the only wages deducted to pay federal income taxes in 2009, and because the Internal Revenue Code makes excess deduction of wages payable to the person whose wages were deducted, Ruhl alone owned the tax refund his 2009 wages generated. Therefore, the entire tax refund is property of his bankruptcy estate, subject to turnover to the trustee. A separate order granting the trustee's motion to compel turnover will be entered with this opinion.

Dated:  July 2, 2012

Eugene R. Wedoff
United States Bankruptcy Judge